IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WACHOVIA BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> BLUFFWALK CENTER L.P., BLUFFWALK SCP, L.L.C., ENGLISH CONSTRUCTION COMPANY, INC., HAL C. CRADDOCK, CLIFF HARRISON, LYNN CUNNINGHAM, and SUSAN GREEN, <br><br> Defendants. | Action No. 3:08–CV–212 |

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss for Lack of Jurisdiction and a Motion to Stay Pending Arbitration by the defendants. For the reasons stated in this Memorandum Opinion, the Court will DENY the Motions.

1.  Background

On November 10, 2005, Bluffwalk Center, L.P. gave a Promissory Note for $1.1 million to Wachovia Bank, N.A. The other defendants – Bluffwalk SCP, LLC, English Construction Co., Hal C. Craddock, Cliff Harrison, Lynn A. Cunningham, and Susan Green ("the Guarantors") – guaranteed the loan, or part of it. The Promissory Note and the Guarantors' Unconditional Guaranty contain identical arbitration provisions:

> Upon demand of any party hereto, whether made before or after institution of any judicial proceeding, any claim or controversy arising out of or relating to the Loan Documents between parties hereto ... shall be resolved by binding arbitration

1

> conducted under and governed by the Commercial Financial Disputes Arbitration Rules ["Arbitration Rules"] ... of the American Arbitration Association ... and the Federal Arbitration Act.

Pl.'s Compl. Ex. A ("Promissory Note") at 5; id. Ex. B ("Unconditional Guaranty") at 6. Those rules provide, in part, that to initiate arbitration a party must (1) "give written notice to the other party ... of its intention to arbitrate," which must specify the scope of the dispute to be arbitrated; and (2) file that notice and the applicable arbitration provision(s) with the American Arbitration Association. Pl.'s Resp. to Defs.' Mot. Ex. A ("Arbitration Rules") at 8.

Now, Wachovia alleges that Bluffwalk has defaulted on the Promissory Note, that the Guarantors have defaulted on the Unconditional Guaranty, and that Wachovia is entitled to enforce those agreements. The defendants ask the Court to dismiss Wachovia's Complaint or to stay this action, contending that Wachovia is required to arbitrate this dispute. Wachovia responds that the defendants have not demanded arbitration, as the Promissory Note and the Unconditional Guaranty require, and therefore that the Court should allow Wachovia's claims to proceed.

2.  Discussion

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., provides that a written agreement to arbitrate a dispute arising from a transaction that involves commerce is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001) (noting that the FAA applies to "a wide range of written arbitration

Case 3:08-cv-00212-MHL Document 15 Filed 07/15/08 Page 3 of 7 PageID# 105

agreements"); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (declaring that the FAA reflects a policy "favoring arbitration agreements"). Accordingly, a federal court must stay "the trial of" a "suit ... upon any issue" that is "referable to arbitration" under a written arbitration agreement, if a party requests the court to do so, provided that the party has not defaulted "in proceeding with such arbitration." 9 U.S.C. § 3. Or, if all of the claims in the suit must be arbitrated, the court may dismiss the suit. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709–10 (4th Cir. 2001). But, the court does not have the discretion to resolve the dispute: the Supreme Court has emphasized that the court "shall direct the parties to proceed to arbitrat[e]" any issues that are governed by the arbitration agreement. Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985).

    A party asking a court to enforce an arbitration agreement under the FAA must show that (1) a dispute exists between the parties; (2) the parties formed a written agreement to arbitrate that "purports to cover the dispute"; (3) the transaction "evidenced by the agreement" is related to interstate or foreign commerce; and (4) that the other party failed, neglected, or refused to arbitrate the dispute. See Adkins v. Labor Ready, Inc., 303 F.3d 496, 500–01 (4th Cir. 2002).

3

Moreover, in some contexts a party may have to show that it demanded arbitration.[1] See Hetland v. Lincoln Logs Ltd., 41 F. App'x 46, 48–49 (9th Cir. 2002); Marcus v. Frome, 275 F. Supp. 2d 496, 505 (S.D.N.Y. 2003). The Marcus court, interpreting an arbitration agreement that provided that "either party may demand and commence arbitration," refused to stay a suit when neither party had demanded arbitration. 275 F. Supp. 2d at 505. The court concluded that, even if a claim is arbitrable, "a party's failure to demand arbitration in a timely manner "requires the party ... to continue to litigate the dispute in court." Id. at 506. Moreover, the court noted, failing to demand arbitration "may constitute waiver of the right to arbitrate" the dispute. Id. In Hetland, the Ninth Circuit reversed a ruling granting a motion to compel arbitration, on the ground that the moving party failed to notify the other party in writing of its intention to arbitrate, violating the American Arbitration Association's Commercial Financial Disputes Arbitration Rules. See 41 F. App'x at 48–49. Thus, the rules of the arbitral forum specified in an arbitration

---

[1] The Fourth Circuit has not addressed this issue. In its only published opinion that discusses a party's failure to demand arbitration, American Home Assurance Co. v. Vecco Concrete Construction Co., Inc. of Virginia, 629 F.2d 961, 963–64 (4th Cir. 1980), the Fourth Circuit reversed a ruling denying a stay. Whereas the district court in that case ruled that the party seeking arbitration had defaulted by waiting two and one-half years – and until after the other party had filed suit – to demand arbitration, the Fourth Circuit found that the party seeking arbitration was not aware that a dispute existed until the suit had been filed, concluding that the case should be stayed. Id. at 963 & n.2. Thus, American Home Assurance addressed whether the demand for arbitration was timely, not whether a demand for arbitration is a prerequisite to filing suit.

agreement may require a party to demand arbitration, even if the agreement itself does not explicitly do so.[2]

Here, Wachovia acknowledges that this dispute <u>may</u> be arbitrated, but it notes that the arbitration provisions in the Promissory Note and the Unconditional Guaranty state that any disputes arising from this agreement shall be arbitrated "[u]pon demand of any party." Pl.'s Resp. to Defs.' Mot. at 3. Alleging that none of the defendants "ha[ve] ever made a demand for arbitration" – i.e., that they have not notified Wachovia of their intention to arbitrate or filed the documents with the AAA required by the Arbitration Rules – Wachovia argues that the Court should deny the Motion, adding that it is "at best, premature, and, at worst, an improper attempt to delay an inevitable money judgment." <u>Id.</u> Wachovia also contends that "the [d]efendants have waived arbitration." <u>Id.</u>

The record does not indicate that the defendants demanded arbitration. And, even though the defendants ask the Court to bar Wachovia from proceeding in a judicial forum, the Motion that is before the Court does not explicitly demand arbitration, either. Thus, since (1) the parties' agreement states that any disputes "shall be resolved by binding arbitration," but "[u]pon demand of any party hereto," Promissory Note at 5; Unconditional Guaranty at 6; and (2) the American Arbitration Association requires a party

---

[2] A demand for arbitration does not have to identify specifically the dispute to be arbitrated, however. <u>See, e.g.</u>, <u>Executone Info. Sys., Inc. v. Davis</u>, 26 F.3d 1314, 1322 (5th Cir. 1994). Nor must the demand comply with <u>every</u> procedure established by the arbitral forum. <u>See</u> <u>Crescent Corp. v. Proctor & Gamble Co.</u>, 898 F.2d 581, 584 (7th Cir. 1990) (ruling that a party was not required to file a demand in the city specified by the forum).

seeking to arbitrate a dispute to notify the other party in writing that it intends to do so, the defendants' request to stay or dismiss this suit is premature.

But, Wachovia's contention that the defendants have waived their right to arbitrate this dispute lacks merit, for three reasons. First, the Arbitration Rules state that "[n]o judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of a party's rights to arbitrate." Arbitration Rules at 13. Thus, by the terms of the rules to which Wachovia agreed, even if the defendants have not yet formally requested arbitration, they have not waived their right to do so by virtue of the fact that Wachovia filed suit.[3] Second, the parties' contracts specifically provide that a claim or controversy must be arbitrated "[u]pon demand of any party hereto, whether made before or after institution of any judicial proceeding." Promissory Note at 5; Unconditional Guaranty at 6 (emphasis added). If a party waived its right to arbitrate a dispute by waiting to demand arbitration until another party filed suit, the phrase "or after" would be meaningless. Since arbitration provisions must be "construed according to the ordinary rules of contract interpretation," Choice Hotels Int'l, 252 F.3d at 710, and in general a contract should be interpreted to give meaning to every provision, if possible, see, e.g., Winn v. Aleda Constr. Co., 315 S.E.2d 193, 195 (Va. 1984) (presuming that "parties have not used words aimlessly"), the Court rejects Wachovia's reading. Third, in contrast to Marcus, in this matter the defendants have not failed to demand arbitration in a timely manner, as

---

[3] See also Gen. Guar. Ins. Co. v. New Orleans Gen. Agency, Inc., 427 F.2d 924, 928 (5th Cir. 1970) (stating that applying the FAA only to cases in which a party demanded to arbitrate the dispute before suit was filed would undermine the purpose of that statute).

Wachovia demanded payment of the Promissory Note on March 6, 2008 and filed this suit on April 3, less than one month later. For each of these reasons, the defendants have not yet waived their right to demand arbitration, even though they have not exercised it.

3.  Conclusion

Since the parties' pleadings do not indicate that the defendants have demanded to arbitrate this dispute, the Court will DENY the Motions. But, that ruling does not bar the defendants from exercising their right to demand arbitration.

It will be SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 14th day of July 2008